UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YAKUBU YUSSIF,<br><br>　　　Petitioner,<br><br>v.<br><br>CHARLES GREEN,<br><br>　　　Respondent. | Civil Action No. 17-240 (SRC)<br><br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by Petitioner's filing of a Petition for a Writ of Habeas Corpus challenging his prolonged detention. It appearing that:

The instant Petition was docketed on January 11, 2017. (ECF No. 1.) Petitioner states in his Petition that he has been detained without bond by the Department of Homeland Security ("DHS") since January 20, 2016. (ECF No. 1, Pet. at 2, 7.) On March 8, 2017, the Court directed Respondent to file an Answer to the Petition. (ECF No. 3.)

On April 21, 2017, Respondent filed a "motion to dismiss" the petition. (ECF No. 4.) Respondent requests dismissal of the Petition because Petitioner is recently became subject to a final order of removal and has not been detained for six months. (ECF No. 4, Letter from Brian Lonegan dated Apr. 21, 2017.)

Respondent's response to the Petition establishes the following relevant facts. Petitioner, a citizen of Ghana, arrived to the United States at the San Ysidro (California) Port of Entry on January 24, 2016, and sought admission. (ECF No. 4-1, Ex. A: Declaration of Lonnie M. Cody, Deportation Officer, Immigration and Customs Enforcement at ¶ 4.) Petitioner lacked a visa or

other document permitting his entry into the United States. (Id. at ¶ 5.) Petitioner was thus charged as being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). (Id.) Because he expressed a fear of return to Ghana, ICE referred Petitioner to an asylum office to conduct a credible fear interview under 8 U.S.C. 1225(b)(1)(A)(ii), (B). (Id.) The asylum officer found that Petitioner had a credible fear and issued Petitioner a Notice to Appear ("NTA") in proceedings under 8 U.S.C. § 1229a to pursue his application for relief from removal. (Id. ¶ 7; see 8 U.S.C. § 1225(b)(1)(B)(ii).) On November 1, 2016, an Immigration Judge ("IJ") ordered Petitioner removed from the United States and repatriated to Ghana. (Id. at ¶ 8.) Petitioner filed a timely appeal and on March 3, 2017, the Board of Immigration Appeals affirmed the immigration judge's order of removal. (Id. at ¶ 9.) It appears that Petitioner did not file a Petition for Review. (Id. at ¶ 10.) Petitioner has not filed a reply or otherwise responded to Respondent's motion to dismiss.

Here, it appears that Petitioner is subject to a final order of removal and has been detained pursuant to that final order of removal for less than six months. Section 1231(a) requires the Government to detain an alien during the ninety-day removal period following a final order of removal. 8 U.S.C. § 1231(a)(2); *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). Removable aliens may be detained beyond that ninety-day period as long as "reasonably necessary" to effectuate the alien's removal. *Zadvydas*, 533 U.S. at 689, 699. In *Zadvydas v. Davis*, the Supreme Court established a period of six months from the date the order of removal becomes final as a presumptively reasonable time in which to effectuate an alien's removal. *Id.* at 701. Under 8 U.S.C. § 1231(a)(1)(B) "[t]he removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the

court's final order[;] (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C.A. § 1231 (West). After the six month period has elapsed, the alien must show that there is "no significant likelihood of removal in the reasonably foreseeable future" in order to merit habeas relief. *See id.* If the alien makes such a showing, the Government "must respond with evidence sufficient to rebut that showing." *Id.* As explained by the Supreme Court, "[t]his 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id. See also Concepcion v. Aviles*, No. CIV.A. 15-2053 SDW, 2015 WL 3794776, at *3 (D.N.J. June 17, 2015).

Here, Petitioner has not yet been detained for an unreasonable period of time as determined by *Zadvydas*; as such, his Petition is premature. The Court will deny the Petition without prejudice to the filing of a new petition <u>in a new case</u> in the event that Petitioner's detention exceeds a reasonable period of time and his removal is not reasonably foreseeable.

IT IS THEREFORE, on this 5 day of _____, 2017,

ORDERED that the Petition is denied WITHOUT PREJUDICE as premature pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001); and it is further

ORDERED that the dismissal is without prejudice to Petitioner's filing of a new petition <u>in a new case</u> in the event that Petitioner's detention exceeds a reasonable period of time and his removal is not reasonably foreseeable; and it is further

ORDERED that the Clerk of the Court shall send a copy of this Order to Petitioner at the address on file and CLOSE this case accordingly.

3

STANLEY R. CHESLER
United States District Judge